IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:07-CR-97-BO-1
No. 5:10-CV-252

| | |
|---|---|
| STACEY D. LUCAS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| UNITED STATES ) | |
| ) | |
| Respondent. ) | |
| ) | |

This matter is before the Court on Petitioner's Motion for Reconsideration (DE 33), Petitioner's "Motion for Specific Performance of Terms within the Plea Agreement" (DE 34), and Petitioner's Motion to Vacate under § 2255 (DE 40). The Respondent has moved to dismiss all of Petitioner's Motions. (DE 37, 42). The Court GRANTS the Respondent's Motions and DISMISSES all of the Petitioner's Motions.

BACKGROUND

Petitioner pled guilty, pursuant to a plea agreement, to being a felon in possession of a firearm in violation of 18 U.S.C. 922(g)(1) on June 12, 2007. As part of his plea agreement, the Respondent agreed to dismiss Counts 2 and 3 of the indictment. (DE 22). On November 16, 2007, this Court imposed judgment and sentenced the Petitioner to 120 months confinement, three years of supervised release, and a special assessment of $100.00. (DE 25). The petitioner did not file a notice of appeal.

On May 19, 2009, Petitioner filed a motion under 28 U.S.C. § 753(f) for transcripts. (DE 26). On July 10, 2009, this Court dismissed petitioner's motion.

On August 14, 2009, Petitioner filed a Motion for Reconsideration and moved this Court to alter or correct his sentence (DE 33). The motion argues that Petitioner's counsel was ineffective as he failed to file notice of appeal as requested. The Respondent requested that this Motion be treated as a Motion to Vacate under 28 U.S.C. § 2255.

On February 24, 2010, Petitioner filed a "Motion for Specific Performance of Terms within the Plea Agreement" (DE 34). Petitioner requested a reduction in sentence pursuant to Rule 35(b) based upon promises he claims Respondent made for information he provided to Respondent. The Respondent moved to dismiss and requested that this motion be treated as a Motion to Vacate under § 2255.

Petitioner filed a § 2255 petition on June 21, 2010. Within his motion, the Petitioner alleges three grounds as the basis for his request. First, Mr. Lucas alleges that his counsel was ineffective in that his attorney failed to file an appeal. Second, the Petitioner alleges that his counsel was ineffective when his counsel "failed to file a motion compelling the government to file a rule 35 motion for the reduction of a sentence." The third allegation claims that the "prosecutor made promises that he did not live-up to, for the defendant's substantial assistance in the prosecution of another person who committed an offense."

## DISCUSSION

The Court interprets Petitioner's "Motion for Reconsideration," "Motion for Specific Performance," and Motion to Vacate under § 2255 as all one § 2255 petition, as all raise the same issues regarding ineffective counsel and Rule 35(d).[1]

---

[1] The Court finds it unnecessary to its conclusion to address the issue of successive § 2255 petitions.

The Court finds that Petitioner's § 2255 petition is untimely. Under amendments to § 2255 in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a petitioner has one year to file a motion challenging his conviction or sentence from "the date on which the judgment became final." United States v. Sanders, 247 F.3d 139, 142 (4th Cir. 2001).

As Petitioner did not file an appeal, Petitioner's conviction became final on November 16, 2007, the date of his judgment entry. Id. at 142. Petitioner filed his Motion for Reconsideration on August 14, 2009, his Motion for Specific Performance on February 24, 2010, and his Motion to Vacate under § 2255 on June 21, 2010. All petitions were thus filed more than one year after final judgment.

Although "equitable tolling" of the one year statute of limitations is a legal possibility, it will only be allowed in "rare instances [] due to circumstances external to the party's own conduct..." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2004). Here, Petitioner does not provide any reason for his delay. Instead, when given an opportunity to explain such delay in his petition, Petitioner maintained without explanation that his petition was "timely." (Pl's § 2255 Mot. 12).

## CONCLUSION

Petitioner's Motion for Reconsideration (DE 33), "Motion for Specific Performance of Terms within the Plea Agreement" (DE 34), and Motion to Vacate under § 2255 (DE 40) are all DISMISSED for lack of jurisdiction as they are all untimely. Fed. R. Civ. P. 12(b)(1).

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473,

484 (2000); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001). Because reasonable jurists would not find this dismissal debatable, a certificate of appealability is DENIED.

SO ORDERED, this __21__ day of December, 2010.

*[signature]*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE